**John DeSOTO, Plaintiff/Appellee,**

v.

**YELLOW FREIGHT SYSTEMS, INC.,
Defendant/Appellant.**

Nos. 85–6608, 86–5800.

United States Court of Appeals,
Ninth Circuit.

Order Filed July 11, 1988.

Order Amended Nov. 25, 1988.

Theodore W. Russell, John C. Russell, Los Angeles, Cal., for defendant/appellant.

Robert D. Newman, Los Angeles, Cal., for plaintiff/appellee.

Richard W. Smith, Sacramento, Cal., for amicus curiae.

Before ALARCON, BRUNETTI and NOONAN, Circuit Judges.

## ORDER

The order filed July 11, 1988, 851 F.2d 1207 is hereby amended by adding the following sentence to the end of the paragraph before "REVERSED and REMANDED.":

The district court should exercise its discretion as to whether considerations of judicial economy, convenience, and fairness still weigh in favor of its exercise of pendent jurisdiction or whether it should remand to the state court.

## ORDER

On June 13, 1988, the Supreme Court vacated this court's judgment in this case and remanded for further consideration in light of *Lingle v. Norge Division of Magic Chef, Inc.*, — U.S. —, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). *Lingle* holds the state law claims that do not require interpretation of a collective-bargaining agreement are not preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. We accordingly reverse our holding that DeSoto's state law claim was preempted by section 301 and remand to the district court for further proceedings on the state law claim. The district court should exercise its discretion as to whether considerations of judicial economy, convenience, and fairness still weigh in favor of its exercise of pendent jurisdiction or whether it should remand to the state court.

REVERSED and REMANDED.