**John DeSOTO, Plaintiff–Appellant,**

v.

**YELLOW FREIGHT SYSTEMS, INC., Defendant–Appellee.**

**No. 90–56009.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 1991.

Decided Feb. 19, 1992.

Robert D. Newman, Los Angeles, Cal., for plaintiff-appellant.

John C. Russell, Russell, Hancock & Jeffries, Pasadena, Cal., for defendant-appellee.

Before SCHROEDER, LEAVY and FERNANDEZ, Circuit Judges.

## FACTS

LEAVY, Circuit Judge:

John DeSoto brought this action against his employer, Yellow Freight Systems, Inc. (Yellow Freight), alleging that he was wrongfully terminated because he refused to violate the law. The facts are stated in our earlier decision in this case, *DeSoto v. Yellow Freight Systems, Inc.,* 820 F.2d 1434, 1435–36 (9th Cir.1987) (DeSoto I), *vacated,* 486 U.S. 1050, 108 S.Ct. 2813, 100 L.Ed.2d 914 (1988), *on remand,* 851 F.2d 1207 (9th Cir.), *superceded,* 861 F.2d 536 (9th Cir.1988). A summary follows.

DeSoto was employed as a heavy duty pickup and delivery driver at Yellow Freight's terminal in Los Angeles, California. On March 7, 1984, DeSoto was assigned a trailer, No. 19563, which he thought he could not operate legally because it had expired registration papers for Illinois and an expired prorated vehicle tag for California. Despite being given a letter from Yellow Freight stating that it accepted complete responsibility for the lack of registration, DeSoto refused to deliver a load in the trailer. Yellow Freight terminated him. An arbitration committee sustained DeSoto's discharge under the collective bargaining agreement.

DeSoto filed an action against Yellow Freight in the Superior Court of the State of California, alleging wrongful discharge. He also petitioned to vacate, under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, the arbitration committee's decision that sustained his discharge. The case was removed to federal court, where summary judgment was granted in favor of DeSoto on both counts. Yellow Freight appealed.

We reversed. *DeSoto,* 820 F.2d 1434. First, we found that DeSoto's section 301 claim was meritless. We also decided that California's wrongful discharge law was pre-empted by federal labor law, specifically by section 301. *Id.* at 1436–37. Finally, we decided the wrongful discharge claim failed because DeSoto was mistaken in his belief that it would be illegal to drive the trailer:

Under an agreement between the state of Illinois and the state of California, there was a grace period which extended until May 1984, during which the California prorate sticker did not have to be displayed in the truck. *Directive, California Department of Motor Vehicles*, Jan. 4, 1984, R. Hagan, Chief, Registration & Investigative Services (120 day grace period before Illinois commercial vehicles are required to display indicia of registration). Unquestionably, DeSoto thought he was doing the right thing in refusing to take the trailer out. Unfortunately for him, he was mistaken. He was not acting in defense of a public policy of the state of California, but incorrectly asserting his own interpretation of the law.

*Id.* at 1438.

The Supreme Court granted DeSoto's petition for certiorari,[1] vacated our decision, and remanded for further consideration in light of *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), which held that section 301 does not pre-empt state claims where issues may be decided without reference to a collective bargaining agreement. *DeSoto v. Yellow Freight Systems, Inc.*, 486 U.S. 1050, 108 S.Ct. 2813, 100 L.Ed.2d 914 (1988). We in turn remanded to the district court for further proceedings on the state law claim and directed the district court to decide whether pendent jurisdiction should still be exercised. *DeSoto v. Yellow Freight Systems, Inc.*, 861 F.2d 536 (9th Cir.1988).

The district court retained jurisdiction. DeSoto sought leave to file an amended complaint. The district court denied the motion on the ground that amendment would be futile. Yellow Freight moved for summary judgment. The district court granted summary judgment in favor of Yellow Freight.

On appeal, DeSoto argues that: (1) Yellow Freight wrongfully discharged him for his refusal to violate the California Motor Vehicle Code and the International Registration Plan and (2) he should have been allowed to amend his complaint to assert a claim for wrongful discharge based on his suspicion that it would have violated California law to operate the trailer.

### DISCUSSION

*Whether the District Court Properly Granted Summary Judgment in Favor of Yellow Freight*

Yellow Freight argues that our decision in *DeSoto I* is binding on whether operation of the trailer on March 7, 1984, was legal, because of the law of the case doctrine. We need not decide whether the doctrine applies. Notwithstanding the International Registration Plan and the California Vehicle Code which mandate that registration papers be carried in vehicles, we find nothing in the record to refute the showing by Yellow Freight that it was lawful to operate the trailer. The directive of the California Department of Motor Vehicles granted a grace period that included the day in question. DeSoto has been on notice since our previous decision that he must make an affirmative showing of the illegality of Yellow Freight's demand that he deliver the load in the trailer. He has not done so. Therefore, Yellow Freight is entitled to judgment because there is no material issue of fact.

DeSoto argues that we must disregard the directive because it has never been made part of the record in the district court. However, the district court was made aware of the directive from attachments to DeSoto's opposition to Yellow Freight's motion for summary judgment. The first attachment is DeSoto's petition for a writ of certiorari. In it, DeSoto explained that the directive allowed a 120-day grace period for displaying registration papers. The second attachment is a supplemental brief we ordered after the Supreme Court vacated and remanded *DeSoto I*. In this brief, DeSoto questioned the legality of the directive and argued that it presented

1. DeSoto petitioned the Supreme Court on the holding that section 301 pre-empted his state law claim for wrongful discharge. He also challenged this court's decision that, based on the directive, he had no claim for wrongful discharge.

material issues of fact that should be decided by the district court.

Because DeSoto himself brought the directive to the attention of the district court, it is properly before us.

### Whether the District Court Properly Denied the Motion to Amend the Complaint

DeSoto argues that he should have been allowed to file a proposed amended complaint that he contends would have stated a claim for termination "because he refused to commit a suspected violation of the law and deliver a load in trailer No. 19563." He also sought to state a claim that Yellow Freight "be equitably estopped from defending its termination of plaintiff on the basis that trailer No. 19563 was registered for operation in Illinois and California in 1984." The district court denied the motion to amend, finding it would be futile.

If a complaint is dismissed for failure to state a claim, leave to amend should be granted "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986). A district court does not err in denying leave to amend where the amendment would be futile. *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir.1990), *cert. denied*, —— U.S. ——, 112 S.Ct. 332, 116 L.Ed.2d 272 (1991).

DeSoto claims there is support for his proposed first cause of action that it is wrongful to terminate an employee who refuses to commit a *suspected* violation of the law. To decide whether it is wrongful to terminate an employee who refuses to commit a suspected violation with respect to motor vehicle registration, we follow a state supreme court's interpretation of its own law in the absence of extraordinary circumstances. *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir.1986), *modified on other grounds*, 810 F.2d 1517 (1987):

> Where the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it. In answering that question, this court looks for 'guidance' to decisions by intermediate appellate courts of the state and by courts in other jurisdictions.

*Id.* (citations omitted).

There are no supreme court or appellate court decisions in California or decisions from other jurisdictions that have decided the issue. California law does not provide a certification process. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 791 F.2d 1356, 1362 (9th Cir.1986), *cert. denied*, 484 U.S. 826, 108 S.Ct. 92, 98 L.Ed.2d 53 (1987).

Therefore, we must consider "all available data" to anticipate how the California Supreme Court might decide the issue. *See Estrella v. Brandt*, 682 F.2d 814, 817 (9th Cir.1982) (diversity case). In doing so, we conclude that the California Supreme Court would not allow a claim of wrongful termination where an employee suspects a violation of the law requiring indicia of registration to be carried in a motor vehicle and therefore refuses to work.

Unlike other cases where retaliatory discharge is alleged, there is no statute in California that prohibits Yellow Freight from terminating DeSoto under the circumstances in which he was terminated. We emphasize that this is not a case of "whistleblowing;" rather, it is a flat-out refusal to work and therefore we view it differently. *Cf. Skillsky v. Lucky Stores*, 893 F.2d 1088, 1092 (9th Cir.1990) (employee filed a Cal/OHSA complaint); *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367 (9th Cir. 1984) (employee reports a shipment of adulterated milk), *cert. denied*, 471 U.S. 1099, 105 S.Ct. 2319, 85 L.Ed.2d 839 (1985). We have instead a claim by an employee who refuses to work based on his erroneous belief that what he was asked to do was a violation of California law.

In California, public policy concerns uphold "protection of employees against retaliatory dismissal for conduct which, in light of the statutes, deserves to be encouraged, rather than inhibited." *Hentzel v. Singer Co.*, 138 Cal.App.3d 290, 298, 188 Cal.Rptr. 159, 164 (1982). The act DeSoto

thought was illegal, operating a trailer without registration papers, does not implicate fundamental public policy concerns, such as health, safety, or crime prevention, for which wrongful discharge actions have been recognized to date in California. *See, e.g., Collier v. Superior Court (MCA, Inc.),* 228 Cal.App.3d 1117, 279 Cal.Rptr. 453 (1991) (disclosure of illegal, unethical, or unsafe practices); *Dabbs v. Cardiopulmonary Management Servs.,* 188 Cal. App.3d 1437, 234 Cal.Rptr. 129 (1987) (health and safety conditions); *Hentzel,* 138 Cal.App.3d 290, 188 Cal.Rptr. 159 (same); *Tameny v. Atlantic Richfield Co.,* 27 Cal.3d 167, 164 Cal.Rptr. 839, 610 P.2d 1330 (1980) (criminal acts). DeSoto was not asked to perform an act hazardous to his health or safety. Instead, we view the failure to carry registration papers simply as one of the "[m]any statutes [that] impose requirements whose fulfillment does not implicate fundamental public policy concerns." *Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 669, 254 Cal.Rptr. 211, 217, 765 P.2d 373, 379 (1988).

Because it was legal to drive the trailer, and because no fundamental public policy concern was involved, the district court properly determined that DeSoto's proposed amendment would be futile. The amendment would have failed to state a claim upon which relief could be granted under California law. The district court also was correct in holding that equitable estoppel does not constitute an independent cause of action. Here, it was nothing more than a claim that Yellow Freight should not be allowed to defend itself on the ground that the trailer was legally registered.

AFFIRMED.