Robert M. SCHARRINGHAUSEN, Plaintiff,

v.

UNITED STATES of America and The Internal Revenue Service, Defendant.

Case No. 06cv2167.

United States District Court, S.D. California.

Sept. 29, 2009.

Richard Leo Fahey, Lieb and Lieb, Ezekiel E. Cortez, Law Office of Ezekiel E. Cortez, San Diego, CA, for Plaintiff.

Jeremy N. Hendon, Lauren M. Castaldi, United States Department of Justice, Washington, DC, for Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS FIRST CAUSE OF ACTION OF PLAINTIFF'S SECOND AMENDED COMPLAINT

JANIS L. SAMMARTINO, District Judge.

Presently before the Court is the United States of America's ("defendant") Motion to Dismiss Robert M. Scharringhausen's ("plaintiff") First Cause of Action of the Second Amended Complaint ("SAC"). Defendant argues that plaintiff's first cause of action must be dismissed for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief may be granted. Plaintiff's first cause of action seeks damages under Internal Revenue Code § 7433, claiming violations of 26 U.S.C. § 7602(c)(2), 26 U.S.C § 7122, 26 C.F.R. § 301.7602–1(c)(3)(iii) and 26 U.S.C. § 7491(a). For the reasons stated below, the Court grants in part and denies in part defendant's motion to dismiss the first cause of action of the second amended complaint for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1) and denies defendant's motion to dismiss the first cause of action of the second amended complaint for failure to state a claim pursuant to FRCP 12(b)(6).

## BACKGROUND

On March 20, 2003, the United States filed a complaint in this United States District Court against plaintiff (case no. 03cv551) to reduce outstanding federal tax assessments to judgment, including plaintiff's personal income tax liabilities for 1991–92 and trust fund recovery penalties for periods ending December 31, 1990 and September 30, 1991. (SAC ¶ 1.) The Internal Revenue Service ("IRS") authorized the Department of Justice ("DOJ") to commence the March 20, 2003 action. (SAC ¶ 3 1; see 03cv551.) Prior to the filing of the complaint, Revenue Agent Phan began a civil audit of plaintiff for the 1999–2001 tax years. (SAC ¶ 4–5.) Pursuant to this audit, Phan issued various administrative summonses to third parties. (Id.)

On or about November 6, 2003, default judgment was entered against plaintiff. (SAC ¶ 15.) Subsequently, the United States prevailed on its motion to compel post-judgment discovery, and plaintiff was ordered to pay fees and costs that the United States reasonably incurred in bringing its discovery motion. (SAC ¶ 17.) Plaintiff's motion to set aside the default judgment was ultimately denied. (See 03cv551.)

On March 17, 2006, plaintiff filed a written administrative claim with the IRS. (SAC ¶ 26 & Ex. B.) The administrative claim alleged that the IRS violated Internal Revenue Code § 7433 and illegally authorized the DOJ to bring the March 20, 2003 action, when the IRS knew there was no evidentiary support for the case. (SAC, Ex. B.) The claim also stated that plaintiff had suffered damages of at least $318,956.79 as a result of the IRS's illegal authorization. (Id.)

On September 29, 2006, plaintiff filed his complaint. (Doc. No. 1.) The first cause of action sought civil damages for an unlawful

collection action. (*Id.* at 4.) The second cause of action requested production of withheld records pursuant to the Freedom of Information Act. (*Id.* at 5.)

Defendant filed a motion to dismiss the first cause of action under FRCP 12(b)(6) on June 26, 2007. (Doc. No. 19.) Because it was filed after defendants answered, the motion was construed as a motion for judgment on the pleadings pursuant to FRCP 12(c). (Doc. No. 23.) This Court granted the defendant's motion for judgment on the pleadings because plaintiff failed to cite any Internal Revenue Code provision or Treasury regulation that Defendant disregarded in violation of § 7433. (Doc. No. 38.)

On April 2, 2008, plaintiff filed his first amended complaint ("FAC"). (Doc. No. 41.) Defendant filed a motion to dismiss the first cause of action pursuant to FRCP 12(b)(1) and (6) on April 16, 2008. (Doc. No. 43.) Plaintiff filed his opposition to the motion on June 6, 2008. (Doc. No. 45.) Defendant replied on June 13, 2008. (Doc. No. 47.)

On March 6, 2009, this Court granted defendant's motion to dismiss with leave to amend. Specifically, this Court granted defendant's motion to dismiss for lack of subject matter jurisdiction as it related to 26 U.S.C. §§ 7602(c)(2) and 7122 and 26 C.F.R. § 301.7602–1(c)(3)(ii) because plaintiff failed to exhaust his administrative remedies prior to bringing suit in district court. The Court further granted defendant's motion to dismiss for failure to state a claim as related to 26 U.S.C. § 7491.

As a result of the Court's March 6, 2009 Order, plaintiff filed a second administrative claim with the IRS on March 19, 2006. He subsequently filed a second amended complaint ("SAC") on April 2, 2009. (Doc. No. 51). Defendant filed the present motion to dismiss on April 13, 2009. (Doc. No. 53.) Plaintiff filed his opposition to

the motion on June 25, 2009. (Doc. No. 56.) Defendant filed a reply to the opposition on July 1, 2009. (Doc. No. 57.) The motion was originally set for hearing on July 9, 2009, but was subsequently vacated by this Court and the matter was taken under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

### A. Legal Standard

A party may move to dismiss the complaint for lack of subject matter jurisdiction, and the Court must dismiss the action when "the court determines at any time that it lacks subject matter jurisdiction[.]" Fed.R.Civ.P. 12(b)(1), (h)(3). The plaintiff bears the burden of establishing jurisdiction. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,* 546 F.3d 981, 984 (9th Cir.2008). The Court must first determine whether it has jurisdiction, and must not reach the merits where jurisdiction is lacking. *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Orff v. United States,* 358 F.3d 1137, 1149 (9th Cir.2004).

Rule 12(b)(1) motions may challenge jurisdiction facially or factually. *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir.2004); *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir.2000). In the factual challenge, the defendant disputes the substance of the jurisdictional allegations based on facts outside the pleadings. *Safe Air,* 373 F.3d at 1039; *White,* 227 F.3d at 1242. To adjudicate the factual challenge, the Court may review evidence beyond the complaint without converting the Rule 12(b)(1) motion into one for summary judgment. *Savage v. Glendale Union High*

*Sch., Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039 n. 2 (9th Cir.2003); *David v. Giurbino*, 488 F.Supp.2d 1048, 1054 (S.D.Cal.2007). Once the moving party makes a factual challenge by bringing evidence before the Court, the opposing party must furnish its own affidavits or other evidence to establish subject matter jurisdiction. *Safe Air*, 373 F.3d at 1039; *Savage*, 343 F.3d at 1039 n. 2. Without assuming the truth of the complaint's factual allegations, the Court nonetheless resolves factual disputes in favor of the non-moving party. *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir.1996); *Farrah v. Monterey Transfer & Storage, Inc.*, 555 F.Supp.2d 1066, 1067–68 (N.D.Cal.2008).

In the facial challenge, the defendant asserts the insufficiency of the complaint's allegations to invoke federal jurisdiction as a matter of law. *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir.2005); *Cross v. Pac. Coast Plaza Invs., L.P.*, 2007 WL 951772, at *1 (S.D.Cal. Mar. 6, 2007). To adjudicate the facial challenge, the Court assumes the truth of the allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *Whisnant*, 400 F.3d at 1177; *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir.2004).

**B. Discussion**

Plaintiff's first cause of action in his SAC asserts that he is entitled to damages pursuant to 26 U.S.C. § 7433, which reads in relevant part:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action

for damages against the United States in a district court of the United States.

To state a claim under § 7433, a plaintiff must allege that the IRS violated an Internal Revenue Code provision or a Treasury Regulations. *Shwarz v. United States*, 234 F.3d 428, 433–34 (9th Cir.2000). Plaintiff asserts four alleged violations of the IRC or Treasury Regulations as a basis for civil damages. Three of these violations have previously been dismissed by this Court for lack of subject matter jurisdiction: 26 U.S.C § 7602(c)(2), 26 U.S.C. § 7122, and 26 C.F.R. § 301.7602–1(c)(3)(iii). (Doc. No. 48.)

Specifically, in its March 9, 2009 Order, in reviewing plaintiff's first amended complaint, this Court found that plaintiff did not exhaust his administrative remedies as to these three violations. Until plaintiff did so, the Court did not have jurisdiction over these alleged violations. (Doc. No. 48, at 3–4) (citing *Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir.1992).) Accordingly, the Court dismissed the first cause of action as it related to these statutes for lack of subject matter jurisdiction. Defendant now argues that the Court must again dismiss the first cause of action as it relates to these violations. The Court disagrees.

■ As a threshold matter, the Court finds defendant's argument that this Court previously dismissed these allegations with prejudice in its March 4, 2009 Order unpersuasive. If the Court does not have jurisdiction over a claim, then it is not able to reach the merits of that claim. *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Orff v. United States*, 358 F.3d 1137, 1149 (9th Cir.2004). To dismiss the claim relating to these violations with prejudice would require the Court to reach the merits of the claim,

which it did not do.[1] Plaintiff remained free to amend his complaint and re-allege these violations for disposition on the merits, provided a change of circumstances enabled him to adequately plead proper jurisdiction.

A properly filed administrative claim must state, among other things, "the grounds, in reasonable detail, for the claim." 26 C.F.R. § 301.7433–1(e)(1)–(2). In its March 4, 2009 Order, the Court found that the administrative claim was not properly filed, and therefore the administrative remedy not exhausted, because plaintiff's first administrative claim did not specifically raise these alleged violations. (Doc. No. 48, at 5–6.) In an effort to cure the deficiencies stated in our March 4, 2009 Order, however, plaintiff submitted a second administrative claim. In this claim, plaintiff explicitly cited these three statutes as the underlying violations for his damages claim and added more factual details regarding the alleged violations. (SAC, Ex. C.)

■ The Court now finds that the second administrative claim cured the deficiencies which prevented this Court's jurisdiction in its March 4, 2009 Order as it relates to 26 U.S.C. § 7602(c)(2) and 26 C.F.R. § 301.7602–1(c)(3)(iii). Specifically, the second administrative claim now adequately states the grounds for the damages claim "in reasonable detail," as well as the other requirements set forth in the regulations. (*Compare* SAC Ex. C *with* 26 C.F.R. § 301.7433–1(e).) For instance, the second administrative claim explicitly cites the statutes for the alleged violations and states facts which support the assertion that a violation of these statutes arguably occurred. Accordingly, the administrative remedies have been exhausted, and the Court now has proper jurisdiction over the first cause of action in the SAC as it relates to these two alleged violations.[2]

■ The Court, however, agrees with defendant that plaintiff still has not exhausted his administrative claim as it relates to 26 U.S.C. § 7122. (Mem. ISO MTD at 5–6.) Section 7122 provides that, after a cause has been referred to the DOJ, the Attorney General or his delegate may enter into a compromise of such case. 26 U.S.C. § 7122. In the SAC, plaintiff alleges that "defendant failed to inform plaintiff that only the Attorney General or his delegate may compromise a case after reference to the Department of Justice for prosecution," in violation of § 7122. (SAC ¶ 13.) The second administrative claim, however, does not reference an offer to compromise or any other grounds relating to § 7122, nor any injuries that resulted therefrom. Accordingly, the Court dismisses plaintiff's first cause of action as it

1. The Court did dismiss without prejudice a fourth alleged violations, 26 U.S.C. § 7491(c) on the merits for failure to state a claim upon which relief can be granted.

2. Defendant argues that, even if the administrative claim is now adequately filed, plaintiff still has not exhausted his administrative claims because the regulations require defendant to either wait 6 months from the date of filing the claim or until the IRS has issued a decision. (Mem. ISO MTD at 6 (citing 26 C.F.R. § 301.7433–1(d)).) The second administrative claim was filed on March 13, 2009, and the SAC was filed on April 13, 2009.

There is no evidence that the IRS has reached a decision on the claim. Accordingly, neither a decision has been made nor had 6 months elapsed from the date of filing the administrative claim and the date of filing the SAC. The Court, however, finds this argument moot. Though six months had not passed when the SAC was filed, six months have since passed as of the current date. It would be inefficient and nonsensical to dismiss based on this regulation, as plaintiff could properly re-file an amended complaint, at which time the Court would be back to this exact point in the litigation.

relates to an alleged violation of 26 U.S.C. § 7122 for lack of subject matter jurisdiction.

█ Defendant further alleges that the statute of limitations has run on these violations.[3] (Mem. ISO MTD at 7–8.) Defendant notes that a claim for damages under 26 U.S.C. § 7433 must be brought within two years from the date the action accrued. § 7433(d)(3). A cause of action accrues "when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7433–1.

Defendant asserts that the summons work performed by Revenue Agent Phan allegedly in violation of 26 U.S.C. § 7602(c)(2) and 26 C.F.R. § 301.7602–1(c)(3)(ii) took place well over two years ago. (Mem. ISO MTD at 7.) In the SAC, plaintiff asserts that Revenue Agent Phan violated § 7602(c)(2) by failing to inform plaintiff of the third parties she contacted and violated Treasury Regulation § 301.7602–1(c)(3)(ii) by issuing administrative summonses to third parties while a criminal case was pending against plaintiff. (Mem. ISO MTD at 7; SAC ¶¶ 4–9.) Defendant notes that, after plaintiff filed a motion to quash the summonses, Revenue Agent Phan filed a declaration with the Court describing her summons activity on December 2002. (*Id.*) Defendant argues, therefore, that this is the date the action accrued because it is the date plaintiff had knowledge of the activities giving rise to the cause of action. Accordingly, defendant argues that, because plaintiff did not file suit until September 2006, he did so only after the two year statute of limitations had run.

In response, plaintiff argues that the action accrued on February 3, 2006. This is the date the IRS confirmed that the underlying evidence "had been destroyed" and that "a reasonable search for the [evidence] was performed and that no records were located which are responsive to [plaintiff's] request for the file, the date of destruction, and a list of the documents that were destroyed."[4] (*See* SAC, Ex. B & C; Opp. to MTD at 9.)

In deciding a motion to dismiss for lack of subject matter jurisdiction, the Court must resolve disputes in favor of the non-moving party. The standard for when an action accrued is when plaintiff "had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7433–1. Applying these two standards, the Court finds that it is plausible, in favor of plaintiff, that plaintiff did not have a reasonable opportunity to discover all the elements of the civil cause of action for damages under 26 U.S.C. § 7433 until the confirmation of the destruction of the underlying evidence on February 3, 2006. Thus, the two year statute of limitations had not run as of the time the complaint in this matter was filed. Accordingly, the Court denies defendant's motion to dismiss the first cause of action for lack of subject matter jurisdiction as it relates to violations of 26 U.S.C. § 7602(c)(2) and 26 C.F.R. § 301.7602–1(c)(3)(ii).

---

**3.** Considering the Court has already dismissed the claim as it relates to § 7122 for lack of jurisdiction, the Court will not discuss plaintiff's statute of limitations argument as it pertains to this alleged violation.

**4.** Alternatively, plaintiff argues that the action did not accrue until November 6, 2003, the date of entry of judgment against plaintiff and the date plaintiff argues he knew the alleged misconduct caused concrete injury. (*Id.*) Because the Court finds that the action plausibly accrued as late as February 3, 2006, this Court need not address this earlier date.

In sum, the Court grants defendant's motion to dismiss the first cause of action of the SAC for lack of subject matter jurisdiction as it relates to 26 U.S.C. § 7122 and denies defendant's motion to dismiss for lack of subject matter jurisdiction as it relates to 26 U.S.C. § 7602(c)(2) and 26 C.F.R. § 301.7602–1(c)(3)(ii).

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits courts to dismiss a complaint for two reasons: (1) lack of a cognizable legal theory or (2) pleading of insufficient facts under an adequate theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir.1984). In reviewing the Rule 12(b)(6) motion to dismiss, the Court must assume the truth of all factual allegations and construe inferences in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). While the complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). In other words, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Associated Gen. Contractors of Am. v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir.1998) (quoting *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir.1998)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl.*, 127 S.Ct. at 1965 (citations omitted).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.1992) (quoting *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See DeSoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

### B. Discussion

Defendant moves the Court to dismiss plaintiff's first cause of action of the SAC for failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6). Given the above analysis regarding subject matter jurisdiction, the Court must decide this motion to dismiss for failure to state a claim only as it relates to 26 U.S.C. 7602(c)(2), 26 C.F.R. § 301.7602–1(c)(3)(ii) and 26 U.S.C. § 7491(a). For the reasons stated below, the Court denies defendant's motion to dismiss the first cause of action of the SAC for failure to state a claim.

a. *26 U.S.C. 7602(c)(2)*

Section 7602(c)(2) of the Internal Revenue Code requires the Secretary to "periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer." 26 U.S.C. § 7602(c)(2). Plaintiff alleges that Revenue Agent Phan failed to inform him of the contacts he made with third parties sum-

monses in connection with Revenue Agent Phan's investigation into plaintiff's failure to file his 1999 and 2000 federal income tax returns.

Defendant argues that this claim is precluded by the doctrine of res judicata because the Court in *Scharringhausen v. United States,* 2003 WL 352764 (S.D.Cal. 2003), already determined that "the Plaintiff had received notice of the summonses and that all administrative steps had been complied with by Revenue Agent Phan." (Mem. ISO MTD at 12, citing *Scharringhausen,* 2003 WL 352764 at *4.)

"Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Collins v. D.R. Horton, Inc.,* 505 F.3d 874, 880 n. 5 (9th Cir.2007) (quoting *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 326–27 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) (citations omitted)). In *Scharringhausen,* the Court validated the summonses, which required a showing by the IRS, in relevant part, that "it followed all requisite administrative steps." 2003 WL 352764 at *3 (citations omitted). These administrative steps, which the Court concluded were satisfied, included that plaintiff "received notice of the summonses on time." *Id.* at *4. Importantly, however, the IRS only had to make a "minimal showing" that the administrative steps were satisfied and "assertions in a declaration by an investigating officer can satisfy the IRS's burden." *Id.* at *3. Accordingly, there was a prima face showing, but no final "judgment on the merits." The issue is therefore not precluded by the doctrine of res judicata and defendant's argument fails. The Court denies defendant's motion to dismiss plaintiff's first

cause of action for failure to state a claim as it relates to 26 U.S.C. § 7602(c)(2).

### b. *26 C.F.R. § 301.7602–1(c)(3)(ii)*

■ Plaintiff alleges that Treasury Regulation § 301.7602–1(c)(3)(ii) was violated by Revenue Agent Phan when she issued administrative summonses to third parties while plaintiff was involved in a criminal case.[5] (SAC ¶ 43.) Section 301.7602–1(c)(3)(ii) prohibits the IRS from issuing or enforcing a summons that has been issued while a criminal proceeding is on-going for an offense connected with the administration or enforcement of the internal review laws.

Defendant first notes that Revenue Agent Phan's investigation pertained to the 1999, 2000, or 2001 tax years, and that there was no criminal referral for these years. Then, defendant argues that there are two exceptions for when administrative summonses are prohibited while a criminal referral is pending: "(1) summonses for different tax years and (2) summonses for taxes imposed by distinct chapters of the Internal Revenue Code." (Mem. ISO MTD at 9.) Defendant, however, relies on the Seventh Circuit case of *United States v. Pittman,* 82 F.3d 152, 157 (7th Cir.1996), for this assertion. Defendant does not cite any other federal courts of appeals that have adhered to this interpretation of 26 U.S.C. § 7602 and, by implication, 26 C.F.R. § 301.7602–1(c)(3)(ii). Without further guidance by the Ninth Circuit, the Court declines to follow the rationale of the Seventh Circuit. Defendant's motion to dismiss the first cause of action as it relates to Treasury Regulation § 301.7602–1(c)(3)(ii) is therefore denied.

**5.** 26 C.F.R. § 301.7602–1(c)(3)(ii) prohibits the IRS from issuing or enforcing a summons that has been issued while a criminal pro-

ceeding is on-going for an offense connected with the administration or enforcement of the internal review laws.

### c. *26 U.S.C. § 7491(c)*

█ Plaintiff's remaining claim in the first cause of action is that certain IRS employees disregarded Internal Revenue Code § 7491(c) by referring the March 20, 2003 action to the DOJ, allegedly knowing that the IRS lacked evidentiary support for the trust fund recovery penalties claim. (SAC ¶¶ 31–40.) Section 7491(c) provides that "[n]otwithstanding any other provision of this title, the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title."

In its March 4, 2009 Order, this Court dismissed without prejudice plaintiff's first cause of action as it related to § 7491(c) for failure to state a claim. (Doc. No. 49 at 7–8.) The Court found that "the March 20, 2003 court proceeding was not brought by officers or employees of the IRS but, rather, was brought by the DOJ. Although alleging the IRS knew that the proceeding lacked an evidentiary basis, plaintiff did not allege that any officer or employee of the IRS violated § 7491(c) by failing to produce evidence in a court proceeding." (*Id.*) In the SAC, however, plaintiff explicitly names two IRS employees who filed declarations in the proceedings indicating the existence of the records that were, in fact, destroyed. (SAC ¶¶ 31–40.) Accordingly, plaintiff alleges that the filing of these declarations "resulted in a failure to produce evidence in a court proceeding, all in violation of 26 U.S.C. § 7491(c)." (*Id.*) The Court finds that the naming of these two employees, and not simply a bald allegation that the IRS knew of the lack of evidentiary support, cures the deficiencies found by this Court in its March 4, 2009 Order.

Defendant argues that "[t]he IRS employees in the original action were merely witnesses; they were not a party attempting to prove their case.... [T]he IRS was not a party in the original action and as such 26 U.S.C. § 7491(c) cannot apply to the IRS in the context of a witness." (Mem. ISO MTD at 10.) The Court disagrees. In comparison to simply alleging the DOJ had the requisite knowledge that the documents could not be produced in satisfaction of its burden, as alleged in the FAC, the SAC names specific IRS employees who submitted declarations under penalty of perjury which the DOJ attempted to use in satisfaction of its burden. By having IRS employees give declarations to the only agency capable of litigating suits of this kind, it is logical to conclude that the IRS, through its employees and the DOJ, aided in the prosecution and are thus liable for violations of § 7491(c). Accordingly, the Court denies defendant's motion to dismiss for failure to state a claim as it relates to 26 U.S.C. § 7491(c).

## CONCLUSION

—In summary, the Court **HEREBY ORDERS** the following:

—The Court **GRANTS** Defendant's motion to dismiss the first cause of action of plaintiff's second amended complaint for lack of subject matter jurisdiction as it relates to 26 U.S.C. § 7122.

—The Court **DENIES** Defendant's motion to dismiss the first cause of action of plaintiff's second amended complaint for lack of subject matter jurisdiction as it relates to 26 U.S.C. § 7602(c)(2) and 26 C.F.R. § 301.7602–1(c)(3)(ii).

—The Court **DENIES** Defendant's motion to dismiss the first cause of action of plaintiff's second amended complaint for failure to state a claim upon which relief can be granted as it relates to 26

U.S.C. 7602(c)(2), 26 C.F.R. § 301.7602–1(c)(3)(ii) and 26 U.S.C. § 7491(a).

IT IS SO ORDERED.