**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AVINASH B. KULKARNI, | No. 15-55377 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-02857-JLS-KSC |
| v. | |
| MEERA UPASANI; MOHAN UPASANI; SUNILA KULKARNI; MADHAVI NERURKAR; CRAIG MCKENZIE NICHOLAS; TRACY JUNE JONES; NICHOLAS AND BUTLER LLP; LISA NICHOLAS NEAL; CHELSEA A. EPPS; RUTAN AND TUCKER LLP; NIRANJAN FRED THIAGARAJAH; KIRAN NAIR; LAW OFFICES OF FRED THIAGARAJAH; UNITED STATES DEPARTMENT OF STATE; ORANGE COUNTY SOCIAL SERVICES AGENCY; DOES, 1-20, inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted August 31, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Avinash Kulkarni appeals the dismissal with prejudice of his first amended complaint against eighteen state, federal, and individual defendants. Kulkarni pled more than thirty federal and state causes of action related to an alleged conspiracy between the government and individual defendants to deprive him of access to his son, and their subsequent participation in California civil and criminal cases stemming from his son's abduction.

The district court concluded that it lacked subject matter jurisdiction over Kulkarni's claims against the United States Department of State ("USDOS"), that Kulkarni had failed to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6) against Orange County Social Services Agency ("OCSSA"), that the state tort claims against the individual defendants should be struck under the California anti-SLAPP statute, and that the federal claims should be dismissed for failure to state a claim and under the *Noerr-Pennington* doctrine. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

Kulkarni framed the claim against USDOS as a *Bivens* action. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, federal agencies like USDOS are not proper defendants under *Bivens*. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). Because the USDOS is not a proper defendant, the district court correctly dismissed the *Bivens* claim.

Kulkarni failed to adequately plead that OCSSA had a "policy or custom" that caused a deprivation of his rights. *Monell v. Dep't of Soc. Sec. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). "[T]he absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." *Caldeira v. Cty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989). Because there is no underlying § 1983 deprivation and because Kulkarni has not presented plausible allegations that OCSSA participated in a conspiracy to violate his constitutional rights, or failed to prevent such a deprivation, as required under §§ 1985 and 1986, these claims were properly dismissed.

Kulkarni's state tort claims against OCSSA are barred because he failed to comply with California law governing claims against government entities, which require written notice within six months of accrual of the cause of action. *See* Cal.

3

Gov. Code §§ 911.2, 945.4. Because "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action," and Kulkarni has not presented any evidence of compliance, the district court properly dismissed the state law claims against OCSSA. *California v. Superior Court (Bodde)*, 90 P.3d 116, 119 (Cal. 2004).

Against the individual defendants, Kulkarni claimed the follow state torts: fraud, obstruction of justice, defamation, improper clouding of title, conspiracy, negligence per se, intentional infliction of emotional distress, negligent infliction of emotional distress, and tortious interference with parental rights. The individual defendants moved to strike Kulkarni's state law claims under the California anti-SLAPP statute, which protects "any written or oral statement or writing made before a . . . judicial proceeding, . . . [and] any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body." Cal. Civ. Proc. Code § 425.16(e). Likewise, "all communicative acts performed by attorneys as part of their representation of a client in a judicial proceeding or other petitioning context are per se protected as petitioning activity by the anti-SLAPP statute." *Cabral v. Martins*, 99 Cal. Rptr. 3d 394, 401–02 (Cal. Ct. App. 2009).

4

Because the defendants' statements and filings made before the state court are protected under the anti-SLAPP statute, Kulkarni bears the burden of showing a reasonable probability of prevailing on his claims. *See Navellier v. Sletten*, 52 P.3d 703, 708 (Cal. 2002). California litigation privilege and attorney-client privilege immunize the defendants from Kulkarni's state tort claims. *See Action Apartment Ass'n, Inc. v. City of Santa Monica*, 163 P.3d 89, 95 (Cal. 2007) (litigation privilege "immunize[s] defendants from tort liability based on theories of abuse of process, intentional infliction of emotional distress, . . . negligent misrepresentation, invasion of privacy, negligence and fraud.") (citation omitted); *Gen. Dynamics Corp. v. Superior Court*, 876 P.2d 487, 490 (Cal. 1994) ("[When a] claim is incapable of complete resolution without breaching the attorney-client privilege, the suit may not proceed."). Because the defendants' actions are protected by these privileges, Kulkarni cannot show a reasonable probability of prevailing on his claims. The district court properly granted the motion to strike.

Kulkarni's federal claims against the individual defendants rely on a theory of state/federal/private conspiracy or joint action under §§ 1983, 1985, 1986, and *Bivens*. Kulkarni has not plausibly alleged a conspiracy or joint action between the private defendants and the state or federal entities. *See Caldeira*, 866 F.2d at 1181 ("[T]o prove a section 1985 conspiracy between a private party and the

5

government under section 1983, the plaintiff must show an agreement or 'meeting of the minds' by the defendants to violate his constitutional rights."); *Schowengerdt v. Gen. Dynamics Corp.*, 823 F.2d 1328, 1338 (9th Cir. 1987) (To implicate private individuals in *Bivens* actions, the complaint must allege that "private party defendants jointly participate with the government to a sufficient extent to be characterized as federal actors.") (quoting *Reuber v. United States*, 750 F.2d 1039, 1058 (D.C. Cir. 1984)). Kulkarni has failed to make the necessary link between the individuals and the government, without which a purely private individual cannot be held liable for violating his constitutional rights under § 1983 or *Bivens*.

The federal claims are also barred under the *Noerr-Pennington* doctrine. *See Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 643–44 (9th Cir. 2009) (applying the *Noerr–Pennington* doctrine, which "derives from the Petition Clause of the First Amendment and provides that those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct" including "access to courts") (citations and internal quotation marks omitted). For these reasons, the district court correctly dismissed the federal claims.

Kulkarni also challenges the denial of expedited discovery prior to the district court's ruling on the motions to dismiss and motion to strike. We review discovery decisions for abuse of discretion. *See Quinn v. Anvil Corp.*, 620 F.3d 1005, 1015 (9th Cir. 2010). It was not an abuse of discretion for the Magistrate Judge to determine that expedited discovery would be overly burdensome and that Kulkarni had not established good cause for why discovery must occur before disposition of the motions to dismiss and strike.

The district court denied leave to amend, finding that amendment would be futile. "A district court does not err in denying leave to amend where the amendment would be futile." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). We review the district court's decision for abuse of discretion, *Ebner v. Fresh, Inc.*, 818 F.3d 799, 803 (9th Cir. 2016), and—given the numerous grounds on which Kulkarni's claims could be dismissed and his failure to state specific amendments that would cure any deficiencies—we affirm.

We deny Kulkarni's motion for judicial notice as moot.

**AFFIRMED.**