**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STOCKTON MARIPOSA, LLC, | No. 22-55343 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-06936-DMG-SK |
| v. | |
| WEST AMERICAN INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| DOES, 1 to 100, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted June 7, 2023**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

Before:  GRABER and OWENS, Circuit Judges, and TUNHEIM,*** District Judge.

Plaintiff Stockton Mariposa, LLC ("Stockton"), was an insured of Defendant West American Insurance Company ("West American").  Stockton brought this action asserting claims for breach of contract and breach of the implied covenant of good faith and fair dealing after West American denied Stockton's insurance claim for theft and vandalism of a covered property following a tenant vacancy.  Stockton alleges that it suffered a loss compensable under the insurance contract when the property was vandalized and that West American breached the contract when it refused to reimburse Stockton for the loss.  The district court granted West American's motion for partial summary judgment.  Stockton timely appeals.

We review de novo the district court's grant of summary judgment.  *United States v. City of Tacoma*, 332 F.3d 574, 578 (9th Cir. 2003).  We must view the evidence in the light most favorable to the nonmoving party, *id.*, and we must make an independent determination of the meaning of the relevant language of the insurance policy, *Conestoga Servs. Corp. v. Exec. Risk Indem., Inc.*, 312 F.3d 976, 981 (9th Cir. 2002).  We affirm because (1) the Control Clause does not limit the Vacancy Exclusion, (2) West American did not waive its objection to Stockton's notice delay, and (3) West American carried its burden to show that it suffered

***      The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

2

actual prejudice.

1. When considering matters of California law, we follow the rulings of the California Supreme Court and, in the absence of such a ruling, attempt to determine how the California Supreme Court would rule if presented with the issue at hand. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). When interpreting insurance policies, California courts "look first to the language of the contract in order to ascertain its plain meaning or the meaning a layperson would ordinarily attach to it." *Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 627 (Cal. 1995), *as modified on denial of reh'g* (Oct. 26, 1995). Exclusionary clauses should be interpreted narrowly in favor of coverage. *See Medill v. Westport Ins. Corp.*, 49 Cal. Rptr. 3d 570, 578 (Ct. App. 2006).

We hold that the Control Clause does not limit the enforcement of the Vacancy Exclusion. Under California law, vacancy provisions like the one at issue are valid when the limitation is "conspicuous, plain, and clear." *Travelers Prop. Cas. Co. of Am. v. Superior Ct.*, 155 Cal. Rptr. 3d 459, 470–71 (Ct. App. 2013) (internal citation omitted). The plain text of the Vacancy Exclusion unambiguously states that a consecutive vacancy for the prior 60 days prevents coverage for certain losses. *See id.* at 473 (finding a similar vacancy exclusion to be unambiguous, conspicuous, plain, and clear). It contains no limitations that depend on who caused the vacancy. Thus, when a triggering event occurs—a

3

vacancy counting backwards more than 60 days before the loss—the exclusion applies without regard to who owns the property or who acted to cause the vacancy.

The Control Clause here does not function to prevent the enforcement of the Vacancy Exclusion. Stockton relies on a footnote in *St. Mary & St. John Coptic Orthodox Church v. SBC Ins. Servs., Inc.*, in which the court suggested that a "control of property" condition could have impacted the vacancy provision. 271 Cal. Rptr. 3d 773, 782 n.5 (Ct. App. 2020). But, in the same footnote, the court clearly stated that it declined to consider the issue. *Id.*

2. If an insurer fails to object promptly and specifically to a delay in the presentation of notice, any objections based on delay are waived. Cal. Ins. Code § 554. The purpose of section 554 is to prevent an insurer from "lulling the insured into believing that notice and proof of loss are unnecessary." *Insua v. Scottsdale Ins. Co.*, 129 Cal. Rptr. 2d 138, 142 (Ct. App. 2002). If untimely notice is raised concurrently with other grounds for denial, it is preserved as a defense. *See Select Ins. Co. v. Superior Ct.*, 276 Cal. Rptr. 598, 601–03 (Ct. App. 1990).

We are satisfied that West American specifically objected to Stockton's delayed notice. The Reservation of Rights letter stated that West American was investigating the loss under a reservation of rights and alerted Stockton to the

4

relevant provisions related to the investigation, including the Vacancy Clause and Stockton's duty to provide prompt notice of the loss. The denial letter also made clear that late notice was the reason for denial. In short, the harm that section 554 is intended to avoid—the insurer's misleading the insured into inaction—is not present here.

3. Finally, under California's notice prejudice rule, an insurance company may not deny an insured's claim under an occurrence policy based on lack of timely notice or proof of claim unless it can show actual prejudice from the delay. *Cisneros v. UNUM Life Ins. Co. of Am.*, 134 F.3d 939, 944 (9th Cir. 1998) (citing *Shell Oil Co. v. Winterthur Swiss Ins. Co.*, 15 Cal. Rptr. 2d 815, 845 (Ct. App. 1993)). The burden of establishing prejudice is on the insurance company, *Campbell v. Allstate Ins. Co.*, 384 P.2d 155, 156–57 (Cal. 1963), and prejudice is not presumed by delay alone, *Shell Oil Co.*, 15 Cal. Rptr. 2d at 845. Although the issue of prejudice with respect to delay is one of fact, under some circumstances, prejudice can exist as a matter of law. *Nw. Title Sec. Co. v. Flack*, 85 Cal. Rptr. 693, 697 (Ct. App. 1970).

Here, West American has shown that it suffered actual prejudice because of Stockton's delay. West American's ability to investigate was not only impaired but rendered impossible. Given the delay, an investigation would not be able to determine whether an appreciable loss was covered under the policy. *See 1231*

5

*Euclid Homeowners Ass'n v. State Farm Fire & Cas. Co.*, 37 Cal. Rptr. 3d 795, 804 (Ct. App. 2006) (holding that the insured's failure to provide timely notice prejudiced the insurer because it "effectively denied [the insurer] any opportunity to fully investigate the loss").  In other words, because of the delayed notice and the circumstances of loss in this case in connection with the Vacancy Clause, "it virtually becomes impossible to learn what facts, favorable to defendant, could have been ascertained through prompt inquiry." *Purefoy v. Pac. Auto. Indem. Exch.*, 53 P.2d 155, 159 (Cal. 1935).  Stockton's late notice of its claim actually prejudiced West American as a matter of law.

AFFIRMED.