**Parveen A. LAL and Jodi L. Wright, Plaintiffs,**

**v.**

**AMERICAN HOME SERVICING, INC. and Lender Doe, Defendants.**

**No. 2:09–cv–01585–MCE–DAD.**

United States District Court, E.D. California.

Jan. 19, 2010.

Kimberlee A. Rode, Law Office of Kimberlee A. Rode, Sacramento, CA, for Plaintiffs.

Nina Huerta, Locke Lord Bissell & Liddell LLP, Los Angeles, CA, for Defendant.

## MEMORANDUM AND ORDER

MORRISON C. ENGLAND, JR., District Judge.

Presently before the Court is a Motion by Defendant American Home Mortgage Servicing, Inc. ("Defendant") to Dismiss portions of the First Amended Complaint of Plaintiffs Parveen A. Lal and Jodi L. Wright ("Plaintiffs") for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons set forth below, Defendant's Motion to Dismiss is granted.

## BACKGROUND[2]

Around June 28, 2006, Plaintiffs entered into a mortgage loan for $821,750 with Paramount Equity Mortgage ("Paramount"). The loan was initially serviced by Paramount, but was later serviced by Defendant American Home Mortgage Servicing, Inc. The mortgage note has since allegedly been sold to an unknown holder. On March 10, 2009, Plaintiffs sent a letter to Defendant stating that they were not provided notice of the right to cancel under TILA, and that pursuant to TILA they were rescinding their loan. Plaintiffs additionally requested that the Defendant indicate its relationship to the loan and identify the true owner of the mortgage note. Plaintiffs also directed Defendant to stop trying to collect on the loan and to cease all future collection communications. Ac-

---

1. Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78–230(h).

2. The factual assertions in this section are based on the allegations in Plaintiffs' Complaint unless otherwise specified.

cording to Plaintiffs, Defendant has failed to respond to the letter or comply with its terms.

Plaintiffs now allege a litany of state and federal law violations in connection with the foreclosure. This is the second motion to dismiss between these parties. The first was denied in part and granted in part with leave to amend. Plaintiffs thereafter filed a First Amended Complaint.

## STANDARD

### A. Motion to Dismiss

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir.1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* at 1964–65 (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. *Id.* at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004) ("The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

"Rule 8(a)(2) ... requires a 'showing,' rather than a blanket assertion of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly*, 550 U.S. at 556 n. 3, 127 S.Ct. 1955. A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955. If the "plaintiffs ... have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id.* Nevertheless, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556, 127 S.Ct. 1955.

When a claim for fraud is raised, Federal Rule of Civil Procedure 9(b) provides that "a party must state with particularity the circumstances constituting fraud." "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671–672 (9th Cir.1993) (internal quotations and citations omitted). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Id.* at 672.

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. A court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment...." Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182,

83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.1992).

## ANALYSIS

### A. Rescission under TILA

■ Under TILA, a plaintiff must allege ability to tender the amount owed on the loan as a prerequisite to rescission. This Court granted Defendant's prior motion to dismiss Plaintiffs' rescission claim on the grounds that Plaintiffs failed to allege tender. Having filed an amended complaint, Plaintiffs now assert that they are "prepared to tender from a refinance, funds from savings, and assistance by family members once the amount to tender is known, considering damages, and after [Defendant] stops reporting the loan negatively."

Defendant argues that this offer of tender is insufficient in that it is conditionally premised on securing refinancing, and also does not offer the entire amount but only the amount "offset" by damages. Plaintiffs retort that Defendant has impeded on their ability to fully refinance at this time due to their continued negative reporting on their credit.

■ The Ninth Circuit has not provided a clear rule on the tender requirement. The purpose of rescission under TILA is to return both parties to the *status quo ante*. *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1172 (9th Cir.2003). The exact wording of the statute mandates "return of money or property *following* rescission", 15 U.S.C. § 1635(b) (emphasis added), however the Ninth Circuit has held that the district court has discretion to "modify the sequence of rescission events" and require the borrower to allege of tender prior to rescission. *Yamamoto*, 329 F.3d at 1170 (relying on 1980 TILA amendment allowing courts to modify TILA procedures).

In *Yamamoto* it was evident that the borrower would not be able to repay the funds. Therefore, the court refused to require parties to go through the rescission process when it was clear that the borrower would not be able to fulfill her requirements at the end. The Ninth Circuit held that "a court may impose conditions on rescission that assure the borrower meets her obligations once the creditor has performed its obligations." *Yamamoto*, 329 F.3d at 1173. However, importantly, the Ninth Circuit specifically declined to rule on the "possibility that borrowers could refinance or sell the property between the time a court grants rescission and when the pay back is required." *Id.*

Considering the facts and circumstances present, this Court finds that Plaintiffs have not sufficiently alleged tender in this case. Plaintiffs' complaint specifically states that the "ability to tender will require refinance." Plaintiffs go on to explain that Defendant's negative credit reporting is what has prevented their ability to refinance, and that once they are successful in this action, and their credit report is corrected, they will have the credit necessary to secure refinancing. This sequence of events is far too tenuous to assure this Court that the borrowers will be able to meet their obligations. Moreover, Plaintiffs only offer tender "once the amount to tender is known, considering damages, and after [Defendant] stops reporting the loan negatively." This appears to be a threat rather than a tender offer. Should Plaintiffs fail on all other claims except rescission, they would still need to tender the entire amount owed, without a discount for damages, and despite negative reporting from Defendant. This complete tender has not been offered by the Plain-

tiffs. Without such tender, Plaintiffs may not seek to rescind the loan.

Therefore Defendant's Motion to Dismiss Plaintiffs' rescission claim is granted.

## B. Real Estate Settlement Procedures Act ("RESPA")

RESPA, 12 U.S.C. § 2605(e), requires that loan servicers timely respond to qualified written requests ("QWRs") from borrowers.

■ Defendant did not respond to Plaintiffs' QWR and, as a result, Plaintiffs claim they are entitled to both statutory and actual damages. Plaintiffs allege they were harmed by not "[being] unable to name the real party in interest to this suit." Plaintiffs also incorporate all preceding sections of their Complaint into their RESPA claim, including the allegation that Plaintiffs were harmed by having to bring suit at all.

■ In regards to actual damages, this Court previously held that the "incorporated damage" of having to file suit was sufficient actual damage for a RESPA claim. Since the initial order in this case, the Court has revised its position and agrees with Defendant's contention that the loss alleged must be related to the RESPA violation itself. RESPA, as codified at 12 U.S.C. § 2605(f)(1)(A), authorizes "actual damages to the borrower **as a result of** the failure [to comply with RESPA requirements]." (emphasis added). Therefore, allegations made under a separate cause of action are insufficient to sustain a RESPA claim for actual damages as they are not a direct result of the failure to comply. Nor does simply having to file suit suffice as a harm warranting actual damages. If such were the case, every RESPA suit would inherently have a claim for damages built in.

■ Additionally, the Court rejects, as a matter of law, Plaintiffs' argument that they were harmed by not being able to name the real party of interest in this suit. Under RESPA, a borrower may not recover actual damages for nonpecuniary losses. *See Allen v. United Fin. Mortg. Corp.*, 660 F.Supp.2d 1089, 1097–98 (N.D.Cal.2009); *Shepherd v. Am. Home Mortg. Servs., Inc.*, No. 2:09–1916, 2009 WL 4505925, at *3; *Fullmer v. JPMorgan Chase Bank*, No. 2:09–cv–1037, 2010 WL 95206, at *6 (E.D.Cal. Jan.6, 2010). Consequently, Plaintiffs have failed to sufficiently plead a claim for actual damages.

■ To recover statutory damages, Plaintiffs must plead some pattern or practice of noncompliance with RESPA. 12 U.S.C. § 2605(f)(1)(B). Here, Plaintiffs flatly claim a pattern of noncompliance but state no facts other than the assurance that at trial they will present other customers who also did not receive QWR responses from Defendant.

■ However, simply stating a legal conclusion with the promise to later produce facts is tantamount to simply stating a bare legal conclusion. This is insufficient under the Rule 12(b)(6) pleading standard. A plaintiff cannot rely simply on stock legal conclusions, but must allege facts that are sufficient to "raise a right to relief above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A court is not required to accept as true a legal conclusion couched as a factual allegation. *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Here, Plaintiffs' Complaint lacks the requisite facts necessary to sustain a claim for statutory damages

Therefore, Defendant's Motion to Dismiss Plaintiffs' RESPA claim is granted as to both actual and statutory damages.

## C. Rosenthal Fair Debt Collection Practices Act

 Plaintiffs' Complaint alleges that Defendants engaged in abusive debt collection practices in violation of California's Rosenthal Fair Debt Collection Procedures Act ("RFDCPA"). In its previous Motion to Dismiss Order, this Court held that while loan servicers cannot be held liable under the federal Fair Debt Collection Practices Act ("FDCPA"), they can be held liable under California's RFDCPA. However, the Court has reconsidered its position. This Court finds that the RFDCPA does in fact mirror in the FDCPA, their intentions were the same and exclusive, and, as such, a loan servicer is not a debt collector under these acts.[3]

 The law is well settled that FDCPA's definition of debt collector "does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) *citing* S.Rep. No. 95–382, 95th Cong., 1st Sess. 3, U.S.Code Cong. & Admin.News 1977, p. 1695; *see also Angulo v. Countrywide Home Loans*, Inc., No. 1:09–cv–877–AWI–SMS, 2009 WL 3427179, at *5 (E.D.Cal. October 26, 20009); *Nera v. Am. Home Mortg. Servicing, Inc.*, No. C–09–2025 RMW, 2009 WL 2423109, at *4 (N.D.Cal. Aug. 5, 2009); *Pineda v. Saxon Mortg. Servs.*, 2008 WL 5187813, at *3 (C.D.Cal. Dec. 10, 2008). Accordingly, as servicer of the loan, Defendant may not be held liable under RFDCPA.

Defendant's Motion to Dismiss Plaintiffs' RFDCPA claim is therefore granted.

## D. Slander [Libel] of Credit

 Plaintiffs contend that Defendant caused false information to be published with various credit agencies regarding the Plaintiffs' creditworthiness, without informing those agencies that the claims were disputed. Defendant argues that Plaintiffs did default on their loan payments, therefore any communication by Defendant regrading that fact would be true.

Regardless of the disputed "truth" of Defendant's credit reporting, Plaintiffs' complaint fails to do much more than state the elements of slander. It does not identify the parties to whom the statements were made, or what damage to Plaintiffs' credit directly resulted from Defendant's statement. While detailed factual allegations are not necessary, Plaintiffs' Complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555–56, 127 S.Ct. 1955.

Therefore Defendant's Motion to Dismiss Plaintiffs' slander of credit claim is granted.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (Docket No. 19) is GRANTED.

Leave to amend is granted only as to the claims for slander of credit, violation of RFDCPA, and actual damages under RESPA. This is the second time a Motion to Dismiss has been granted as to the remaining claims. Thus amendment will not cure the defects noted by the Court.

Plaintiffs may file an amended complaint as to the claims for slander of credit, viola-

---

**3.** *See also Nool v. HomeQ Servicing*, 653 F.Supp.2d 1047, 1053 (E.D.Cal.2009); *Olivier v. NDEX West, LLC*, No. 1:09–CV–00099 OWW GSA, 2009 WL 2486314, at *3, 2009 U.S. Dist. LEXIS 74051, at *8 (E.D.Cal. Aug. 10, 2009); *Cordova v. America's Servicing Co.*, No. C 08–05728 SI, 2009 WL 1814592, at *2, 2009 U.S. Dist. LEXIS 58934, at *5 (N.D.Cal. June 24, 2009).

tion of RFDCPA, and actual damages under RESPA not later than twenty (20) days after the date this Memorandum and Order is filed electronically. If no amended complaint is filed within said twenty (20)—day period, without further notice, Plaintiffs' remaining claims for slander of credit, RFDCPA, and actual damages under RESPA will also be dismissed without leave to amend.

IT IS SO ORDERED.