Filed 2/26/13  Ferrales v. Aurora Loan Services CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| WILLIAM FERRALES,<br><br> Plaintiff and Appellant,<br><br>v.<br><br>AURORA LOAN SERVICES LLC.,<br><br> Defendant and Respondent. | 2d Civil No. B242072<br>(Super. Ct. No. CV118097A)<br>(San Luis Obispo County) |

William Ferrales appeals from a judgment on demurrer entered in favor of Aurora Loan Service LLC (Aurora) on appellant's second amended complaint for negligent misrepresentation, violation of the Rosenthal Fair Debt Collection Practices Act (Rosenthal Act; Civ. Code, § 1788 et seq), promissory estoppel, and rescission. We affirm.

*Facts and Procedural History*

In October 2004 appellant took out a $1,209,600 loan, secured by a deed of trust, to purchase a beach house in Cambria.  After appellant defaulted on the 30-year loan, Aurora recorded a notice of default and scheduled an April 9, 2009 trustee's sale.

Appellant requested a loan modification and executed a workout agreement providing that appellant would make partial mortgage payments and stay in

the home while Aurora reviewed the loan modification application.[1] The workout agreement warned that if a loan modification was not achieved, Aurora would proceed with the foreclosure. Aurora sent a follow-up form letter stating that "we would *like to offer* you a permanent home retention option." (Emphasis added.) The form letter requested financial information which would be reviewed by Aurora to determine whether appellant qualified for a loan modification.

Aurora terminated the work out agreement in 2009 because appellant's monthly housing-to-income ratio was too high to qualify for a loan modification Appellant requested that Aurora re-open his file and executed a second workout agreement on February 22, 2010, acknowledging that $122,631.96 was past due on the loan. Like the first workout agreement, appellant was required to make monthly payments and provide financial information for Aurora's review. The agreement provided that appellant's loan would remain delinquent and, upon termination of the agreement, Aurora could proceed with the foreclosure.

In early 2011, Aurora notified appellant that his income was too low to qualify for a loan modification, recorded a notice of trustee's sale, and sold the property at a trustee's sale on February 23, 2011. Appellant sued for misrepresentation, violation of the Rosenthal Act, promissory estoppel, and rescission

---

[1] "Civil Code section 2933.5 requires, before a notice of default may be filed, that a lender contact the borrower in person or by phone to 'assess' the borrower's financial situation and 'explore' options to prevent foreclosure. . . . There is nothing in section 2923.5 that requires the lender to rewrite or modify the loan." (*Mabry v. Superior Court* (2010) 185 Cal.App.4th 208, 213-214.) The statute applies to loans on owner-occupied residential property made between January 1, 2003, and December 31, 2007. (See Bernhardt, Cal. Mortgages, Deeds of Trust, and Foreclosure Litigation (Cont.Ed.Bar 2012) § 107, p. 867; Greenwald & Asimow, Cal. Practice Guide, Real Property Transactions (Rutter 2011) ¶ 6:524.1, p. 6-96.6.)

and restitution.[2]  After three pleading attempts, the trial court sustained Aurora's demurrer without leave to amend.

## *Discussion*

We review the order sustaining the demurrer de novo, exercising our independent judgment to determine whether a cause of action has been stated under any legal theory.  (*Ocha v. PacifiCare of California* (2004) 115 Cal.App.4th 782, 788.)  While we accept as true properly pleaded factual allegations, we do not assume the truth of contentions, deductions or legal conclusions.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311. 318.)  The workout agreements and form letter, which are attached to the second amended complaint, conflict with the allegations in the complaint and control on demurrer.  (*Holland v. Morse Diesel Internat., Inc.* (2001) 86 Cal.App.4th 1443, 1447.)

## *Negligent Misrepresentation*

The first cause of action for negligent misrepresentation states that appellant was told "there would be an opportunity to cure [the] default at the expiration of the Agreements."

The trial court correctly ruled that no cause of action was stated for negligent misrepresentation.  The workout agreements and form letter state that the "offer" is conditional and requires that appellant submit financial information to be reviewed by Aurora to determine whether appellant qualifies for a loan modification. The workout agreements warn:  "The aggregate Plan payment will be insufficient to pay the [loan] Arrearage."  Appellant claims that Aurora orally agreed to postpone the foreclosure but such an agreement is subject to the statute of frauds and unenforceable. (*Karlsen v. American Sav. & Loan Ass'n.* (1971) 15 Cal.App.3d 112, 121 [oral

---

[2] The second amended complaint alleges $27,248.76 in payments on the first workout agreement and  $40,648.68 on the second workout agreement.

3

agreement to extend foreclosure period unenforceable]; *Secrest v. Security National Mortgage Loan Trust 2002-2* (2008) 167 Cal.App.4th 544, 552-553 [same]])

Citing *Pinel v. Aurora Loan Services, LLC.* (N.D.Cal. 2011) 814 F.Supp.2d 930, appellant argues that Aurora used the workout agreements as a pretext to extract mortgage payments. In *Pinel* defendant continued to extract mortgage payments after it denied plaintiff's loan modification application. Plaintiff was even duped into paying $1,781 after defendant purchased the property at the trustee's sale. (*Id.*, at p. 935.) Unlike *Pinel*, appellant's alleged reliance on the form letter "offer" ignores the conditional nature of the loan modification which required that appellant qualify for the loan modification. Appellant paid less than what was due on the loan, stayed in the house, and delayed the trustee's sale 17 months. No actionable damages are alleged.

### Rescission & Restitution

Appellant's assertion that the second amended complaint states a cause of action for rescission and restitution is equally without merit. To sue for rescission and restitution, appellant must tender back the benefit received. (See *Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 439 [tender rule strictly applied].) A plaintiff may not derive all possible benefit from the transaction and then claim the right to rescind. (*Gill v. Rich* (2005) 128 Cal.App.4th 1254, 1264; see also *Shuster v. BAC Home Loans Servicing LP* (2012) 211 Cal.App.4th 505, 512-513.)

Appellant argues that he is not trying to set aside the foreclosure and only seeks restitution for the workout payments (i.e., $67,897.44). Appellant, however, received the benefit of staying in the beach house for 17 months and making smaller payments (average of $3,993.97 a month) than were due on the 30-year loan (approximately $8,300 a month).

To sue for rescission, the complaint must allege "facts demonstrating a rescission *has been effected* -- not merely facts that if proved correct, would establish a legal basis to elect a rescission at some point in the future." (*Myerchin v. Family*

4

*Benefits, Inc.* (2008) 162 Cal.App.4th 1526, 1533.) "[T]here can be no rescission of an executed contract, upon the ground of fraudulent misrepresentation, without restoration, before suit, by the party seeking to rescind, of everything of value which he had received from the other party under the contract, or a bona fide offer to restore." (*Kelley v. Owens* (1897) 120 Cal. 502, 507.) The second amended complaint attempts to skirt the rule by alleging that appellant "derived no benefit from the Agreements and has nothing of value provided by Defendant to tender in advance of rescission."

Appellant's reliance on *Chao et al. v. Aurora Loan Services* (N.D. Cal. 2011) 2011 WL 6963098 is inapposite. In *Chao*, plaintiff entered into a six month forbearance agreement and was told that the foreclosure was "on hold" pending defendant's review of an application for a loan modification. Unlike *Chao*, appellant entered into two successive forbearance agreements to delay the foreclosure by 17 months. After the first workout agreement was terminated, appellant requested and executed a second workout agreement and submitted more financial information for Aurora's review. Like the first workout agreement, the second workout did not work because appellant lacked the income to cure the loan default and modify the loan.

Appellant asserts that the workout agreements establish a "pattern of fraud" but appellant was the one who requested the second agreement, implicitly waiving any claim for rescission. "Waiver of a right to rescind will be presumed against a party who, having full knowledge of the circumstances . . . , nevertheless accepts and retains benefits accruing to him under the contract. [Citation.]" (*Neet v. Holmes* (1944) 25 Cal.2d 447, 458.) The benefits were substantial. Appellant remained in possession, delayed the foreclosure for 17 months, and made smaller payments to service a $1.3+ million loan in default.

### *Promissory Estoppel*

To sue for promissory estoppel, appellant must allege a clear and unambiguous promise, reasonable and foreseeable reliance, and injury based on that

reliance. (*Laks v. Coast Fed. Sav. & Loan Assn.* (1976) 60 Cal.App.3d 885, 890.) Missing here is a promise with clear and unambiguous terms.

In *Aceves v. U.S. Bank, N.A.* (2011) 192 Cal.App.4th 218 plaintiff was about to convert a Chapter 7 bankruptcy to a Chapter 13 bankruptcy. (*Id.*, at p. 223.) Defendant bank promised to work with plaintiff to reinstate and modify the loan if plaintiff did not include the home in the Chapter 13 bankruptcy. (*Ibid.*) Rather then make a good faith attempt to negotiate a loan modification, defendant imposed punitive loan conditions days before the trustee's sale and purchased the property at the sale. (*Id.*, at p. 224.) The Court of Appeal concluded that defendant's promise to work with plaintiff to reinstate and modify the loan was an unambiguous promise and there was detrimental reliance to support a cause of action for promissory estoppel. (*Id.*, at pp. 226-227.)

Unlike *Aceves*, the second amended complaint fails to allege an unambiguous promise or justifiable reliance. Appellant paid $67,897.44 over a 17-month workout period but alleges no operative facts to support the claim that Aurora promised to modify the $1.3+ million loan. Nor can appellant sue for promissory estoppel if the promise to forebear foreclosure was in return for consideration, i.e., $67,897 in interim payments. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 275.) "The claim instead must be pleaded as one for breach of the bargained-for contract. [Citations.] Here, the only alleged promise not to foreclose is contained in the forbearance agreement. Because [Aurora's] promise not to foreclose in the forbearance agreement was given for proper consideration, in the form of [appellant's] agreement to resume making payments on the promissory note, the complaint cannot state a claim for promissory estoppel." (*Ibid.*)

*Rosenthal Act*

Appellant, in his appeal, makes no mention of the alleged violation of the Rosenthal Act (Civ. Code § 1788 et seq.). There is good reason for this. Foreclosure on a property that secures a debt is not a debt collection activity

encompassed by the Rosenthal Act.  (*Izenberg v. ETS Services, LLC* (C.D. Cal. 2008) 589 F.Supp.2d 1193, 1199; *Gardner v. American Home Mortg. Servicing, Inc.* (E.D. Cal. 2010) 691 F.Supp.2d 1192, 1198; see also *Lal v. American Home Servicing, Inc.* (2010) 680 F.Supp.2d 1218, 1224 [mortgage servicing company not a debt collector].)

Appellant's remaining arguments have been considered and merit no further discussion.

The judgment (order sustaining demurrer without leave to amend) is affirmed.  Aurora is awarded costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P.J.


PERREN, J.


7

Jac Crawford, Judge

Superior Court County of San Luis Obispo

_____


Jeremy S. Golden; Golden & Cardona-Loya, for Appellant.

Justin D. Balser and Victoria A. Cantore; Akerman Senterfitt, for Respondent.